UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON CASEY ) | |
| ) | Case Number |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| LTD FINANCIAL ) | |
| SERVICES, LP ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Jason Casey, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiff, Jason Casey, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II. JURISDICTION**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that the Defendant conducts business in this District.

### III.  PARTIES

4.      Plaintiff, Jason Casey, is an adult natural person residing at 201 S. Lancaster St. Apt. 41 Annville, PA 17003.

5.      Defendant, LTD Financial Services, LP("Defendant"), at all times relevant hereto, is and was a limited partnership engaged in the business of collecting debt within the State of Texas and the Commonwealth of Pennsylvania with their primary place of business located at 7322 Southwest Freeway Suite 1600 Houston, TX 77074 and a registered office at 116 Pine Street, Ste. 300, Harrisburg, PA 17101.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7.      Beginning in May, 2009, Plaintiff received a phone call from Defendant regarding an alleged debt owed to Sunoco.

8.      Defendant's agent demanded Plaintiff to pay $300 dollars immediately and another $200 dollars at the end of May, 2009 in order to set up a payment plan of $100 dollars a month. Defendant gave the Plaintiff a deadline of 48 hours to come up with the money.

9. Plaintiff paid the Defendant $300 dollars in the beginning of May, 2009 and $200 dollars at the end of May, 2009, and set up a payment plan of $100 dollars a month to be directly taken out of his bank account.

10. On or around the middle of September, 2009, Defendant began calling Plaintiff's place of employment.

11. On October 1, 2009, Defendant called Plaintiff's place of employment and spoke with Plaintiff's assistant director. Defendant demanded to speak with the Plaintiff. The assistant director apologized and explained to Defendant their policy of no personal phone calls.

12. Defendant's agent then proceeded to ask for the Plaintiff's home contact information.

12. Plaintiff's assistant director exclaimed that she did not feel comfortable giving out that information. Defendant's agent quickly hung up.

13. Defendant has also contacted Plaintiff's ex-wife repeatedly looking for the Plaintiff. She constantly explains to Defendant that he does not live there.

14. To date Defendant is still contacting Plaintiff's place of employment several times a day even after being told by Plaintiff's employer that it is not permitted.

15. Defendant is also calling Plaintiff's home all day and night, though scheduled payments are still being paid.

16. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### COUNT I – FDCPA

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of :

| | |
|---|---|
| §§ 1692b(1) | Contact of third party: failed to identify themselves, or failed to state that collector is confirming or correcting location information. |
| §§ 1692b(3) | Contact of third party: contacted a person more than once, unless requested to do so. Namely to Plaintiff's employer and Plaintiff's ex-wife. |
| §§ 1692c(a)(3) | At place of employment when knows that the employer prohibits such communications. |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress, or abuse any person. |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly. |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection. |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer. |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt. |
| §§ 1692g | Failure to send the consumer a 30-day validation notice within five days of the initial communication. |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, LTD Financial Services, LP for the following:

    a.    Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

    b.    Actual damages;

    c.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    d.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    e.    Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

24.    Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

25.    The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

26.    The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

27.    The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

28. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

29. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

30. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

31. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

   a. Actual damages;

   b. Treble damages;

   c. An award of reasonable attorneys fees and expenses and costs of court; and

   d. Such additional relief as is deemed just and proper, or that the interests of justice require.

**COUNT III**

**VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.**

32. The foregoing paragraphs are incorporated herein by reference.

33. Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

34. The UTPCPL proscribes, <u>inter alia</u>, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

35. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, <u>inter alia</u>:

   a. Defendant misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

   b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

   c. Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

36. As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

37. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

   a. An Order declaring that Defendant violated the UTPCPL;

   b. Actual damages;

   c. Treble damages;

  d. An award of reasonable attorney's fees and expenses and cost of suit; and

  e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

              **Respectfully submitted,**

              **WARREN & VULLINGS, LLP**

**Date: October 8, 2009**  **BY:**  */s/ Brent F. Vullings*
              Brent F. Vullings, Esquire
              Warren & Vullings, LLP
              1603 Rhawn Street
              Philadelphia, PA  19111
              215-745-9800   Fax 215-745-7880
              Attorney for Plaintiff